The decree, therefore, will be in accordance with this finding.

## MALPRACTICE—LIMITATION OF ACTIONS.

[Richland Circuit Court, 1901.]

### MARIE FRONCE v. JOHN H. NICHOLS.

1. WHERE STATUTE IS PLAIN, JUDICIAL CONSTRUCTION UNAUTHORIZED.

Where a statute is plain and unambiguous (Sec. 4983, Rev. Stat., relating to limitation of actions for malpractice), it construes itself and whether its provisions are wise or equitable courts have no authority, by judicial construction, to read anything into or out of it.

2. STATUTE RUNS AGAINST MALPRACTICE FROM INJURY.

Under Sec. 4983, Rev. Stat., prescribing that actions for malpractice must be brought within one year, after the action accrues, breach of duty, not knowledge of the fact and resulting injury, is the criterion which gives rise to the action and sets the statute running. Such an action is, therefore, barred where it appears from the petition that the operation from which injuries resulted was performed more than one year before the filing of the petition.

HEARD ON ERROR.

*Chas. W. Chew* and *Bell* and *Brinkerhoff*, for plaintiff, cited:

For the purpose of this demurrer, the allegations of the petition, are admitted to be true, and the demurrer involves the interpretation to be put upon Sec. 4983, Rev. Stat., which provides that actions to be commenced within one year, are those for libel, slander, assault, battery, malicious prosecution, false imprisonment and malpractice.

The whole determination, therefore, as applied to the facts, is resolved to the proposition, as to when the statute of limitations begins to run; whether from the date of the surgical operation, or from the actual discovery of the injury, resulting from the operation.

Section 4948, Rev. Stat., is an act defining the interpretation to be given to statutes, embraced in the Ohio code, in considering the rights of the parties, and provides "the provisions of this part (meaning the code) and all proceedings under it, shall be liberally construed in order to promote its object and assist the parties in obtaining justice."

It is another well settled doctrine in Ohio and followed by the courts of all the states and by courts generally, that in considering statutes, such interpretation shall be given, as would fairly give expression to the intent of the legislature.

For a great many years in Ohio, the one year limitation statute did not include malpractice and not until May 18, 1894, 91 O. L. 299, was action for malpractice included in the statute.

If the interpretation, as to when the statute begins to run, is to be placed upon the date of the surgical operation, in cases arising from malpractice, then the very act would defeat the intent of the legislature, if the legislature intended that actions at law should maintain, for damages resulting from malpractice; if it is within the power of the legislature to arbitrarily define by statute, that actions of this court

must be commenced within one year, then they would have the power to prescribe the time at one month or one week, and the proposition that the right of action dates from the operation, is not supported in reason, nor do we find it to be supported by authority in law.

In all of the cases cited in defendant's brief, we find none in point, involving the question of malpractice. Kerns v. Schoonmaker, 4 Ohio, 331 [22 Am. Dec. 757], determined that the right of action, commenced from the act complained of, but the act was an extrajudicial action of a justice of the peace and necessarily there would be no separation between the act and the injury resulting from it.

Right of action in cases of malpractice, embraces two elements—a wrongful act and a resulting injury.

It is not malpractice to set a broken limb or to perform the surgical operation, known as that for appendicitis, and from the act alone, no right of action could accrue, unless an injury results by reason of unskillfulness or other malpractice.

The right of action is founded upon the injury, and the injury must be predicated upon some surgical act and the right of action would not accrue, until the injury resulting from the act is discovered.

There is that distinction between an action for malpractice and in all cases cited in defendent's brief, that in malpractice these two elements are necessary—a wrongful act and an injury resulting from it.

This doctrine is squarely laid down and it is held that the statute of limitations runs from the right of action, and the right of action is the discovery of the injury, in Nestelle v. Railway Co., 56 Fed. Rep. 261.

This was a case in which death resulted from an injury, and it will be noted that all of the actions provided to come within the one year limitation of Sec. 4983, Rev. Stat., which are actions in tort, under the common law, the earlier cases held that actions of malpractice were *ex contracto*, but all states having a code, have uniformly held that actions for malpracicte are *ex delicto* actions, and the federal courts have followed the state rule.

This case is nearest in point, of any we have been able to find, after a reasonably careful research and this case is cited and followed in King v. United States, 59 Fed. Rep. page 9. The rule is well laid down in a case that " Where the injury, however slight, is complete at the time of the act, the statutory period then commences; but where the act is not legally injurious until certain consequences occur, the statute begins to run from the consequential injury." 13 Am. & Eng. Enc. Law, 732 ; Bank of Hartford v. Waterman, 26 Conn. 324.

In Mitchell v. Darley Main Colliery Co., the rule is laid down in the following syllabus: The plaintiff was the owner of certain land, and in the years 1867 and 1868, the defendants worked a seam of coal lying under the plaintiff's land thereby, causing that land, to subside. In consequence of this subsidence some cottages belonging to the plaintiff, built upon the land, were damaged and were then repaired by the defendants. In the year 1882, a further and second subsidence of the plaintiff's land, took place, owing to the same workings of the defendants in the year 1867 and 1868 and the plaintiff's cottages were again damaged. Held in an action to recover damages for this second subsidence, that the plaintiff was entitled to maintain the action, and that his right of action was not barred by the statute of limitations. 21 Central Law Journal, 148, 153n.

It is generally recognized, as the accepted doctrine, where the statutes of limitation may be plead in defense, that the statute does not begin to run, until the right of action accrues. Wright v. Tichnor, 3 N. E. Rep. 853 [104 Ind. 185]; Simms v. Gay, 9 N. E. Rep. 120 [109 Ind. 501]; Ewell v. Railway Co., 29 Fed. Rep. 57.

It is of the essence of the statute of limitations not to run against the party, until a right of action has accrued. 89 Mo. 81. And it begins to run at the date suit may be commenced. Amole's Admrs., Appeal of, 8 Atl. Rep. 614 [115 Pa. 356]; Marin v. Lalley, 84 U. S. 14, 17.

It matters not, by whom a physician was employed or service was gratuitous. Nelson v. Harrington, 40 N. W. Rep. 228 [72 Wis. 591; 1 L. R. A. 719; 7 Am. St. Rep. 900]; 5 N. C. 733; Hyrne v. Erwin, 23 S. C. 226 [55 Am. Rep. 15]; Whittaker v. Collins, 25 N. W. Rep. 632 [34 Minn. 299; 57 Am. Rep. 55]; 40 Ill. 209; 27 N. C. 45; Musser v. Chase, 29 O. S. 577.

And a physician is held to reasonable care and skill, regardless of employment or compensation. Hamilton Co. v. Mighels, 7 O. S. 110, 123; 3 Wis. 416; Long v. Morrison, 14 Ind. 595 [77 Am. Dec. 72]; 40 Ill. 209; Craig v. Chambers, 17 O. S. 253.

*Kerr* and *LaDow*, for defendant, cited:

Section 4979, Rev. Stat.; Sec. 4983, Rev. Stat.

Section 215, Buswell on Limitations, etc.: "The general rule in such cases (such cases as this one) is, that the time of limitation will begin to run from the time of the breach of duty, and not from the time when the damage resulting therefrom actually accrues." Shuman v. Drayton. 8 Circ. Dec. 12 (14 R. 328).

This case is perhaps the pioneer case on malpractice attempted to be applied to Sec. 4983, Rev. Stat. But the operation in that case having occurred prior to the date of the amendment to the statute, including malpractice within the one year limitation, the court held the case was governed by Sec. 4982, Rev. Stat., the four year limitation.

A parallel case on one of the subdivisions on this statute (4983) showing that the statute is to be strictly construed, as to time limit, is found in Pearl v. Koch, 5 Dec. 5. In a court of law this statute *must* receive a strict construction, and no *exception* can be introduced, not authorized by the legislature.

"'The statute of limitations will commence to run from the time the alleged slanderous words are spoken, and not from the time the plaintiff first had knowledge of the fact, that they had been spoken."

Under the holding of Judge Hunt, of the superior court of Cincinnati, in the above citation, this case at bar run its limit and was barred at least by October 1, 1899.

The petition does not allege that defendant treated plaintiff, or performed any professional services for her, for more than one year prior to filing the action, nor that the cause of action did not accrue within one year before the commencement of this action.

The last case on this subject, that we are able to find, was handed down by Judge Morris, of the Toledo, Ohio, common pleas bench, in directing the verdict of the jury. This opinion may not be binding upon this court, but it, at least, is entitled to distinguished consideration; the case is, Tucker v. Gillette, 11 Dec. 226 (8 N. P. 389). (Overruled and reversed by circuit court, 12 Circ. Dec., 401, and now pending in Supreme Court.)

The pioneer case, perhaps, in Ohio, based on the statutes back in the 1820's, from which our present statute (4983) is evolved, is that of Kerns v. Schoonmaker, 4 Ohio, 331 [22 Am. Dec. 757]. We quote:

"Statute of limitations commence to run as soon as the 'injurious act complained of is perpetrated, although the actual injury is subsequent, and could not immediately operate.'"

The foregoing comprise our review of the law, as laid down in Ohio on the point we are contending for. We have observed, however, in our investigation, the following from other states, which we think pertinent. Calumet Elec. Ry. Co. v. Mabie, 66 Ill. App. 235, quoted by Am. Ann. Dig. 1898, p. 3934, Sec. 27.

"In an action for injuries resulting from the negligence of another, the statutes begin to run from the time the injury was inflicted, and not from the time the full extent of damages sustained, has been ascertained." Miller v. Reyerson, 22 Ont. Rep. 369, 1 Gen'l Dig. (1896) limitation of actions, p. 964, par. 101.

We regard, as an important case, which we consider in point, the case of Raynor v. Mintzer, 18 Pac. Rep. 82 [72 Cal. 585]. See also Schade v. Gehner, 34 S. W. Rep. 576 [133 Mo. 252].

The petition in this case is as follows:

"The defendant is a practicing physician and surgeon in the city of Mansfield, county of Richland, and state of Ohio, and was such at the time of the aggrievances hereinafter mentioned.

"On September 28, 1898, the plaintiff suffering at the time with appendicitis, employed the defendant holding himself out as a surgeon, at his request as such surgeon, to perform the surgical operation necessary to be performed of and because of said appendicitis.

"Said defendant thereupon entered on said employment, but was so negligent and unskillful in performing said operation and in attending and dressing said wounds, so made, in an unskillful and unprofessional manner by using a metallic wire.

"That said metallic wire so used caused an irritation and nature in attempting to throw it off, caused puss to form and a disintegration of the abdominal walls.

"That in July, 1899, said wires so used, began showing themselves on the surface and coming out.

"That plaintiff consulted said defendant, who ordered her to cut off as they came out, but neglected to make an investigation or to furnish any relief.

"That said irritation kept growing worse and the wires kept coming out, and as they would come out, plaintiff, following defendant's direction, would cut them off, until March 21, 1900, plaintiff called on Dr. R. S. Boals, a practicing physician and surgeon, to make an examination and he, the said Boals, in connection with Dr. William Loughridge, a practicing physician, made a thorough examination of plaintiff's condition and discovered that plaintiff was suffering from a ventral hernia or rupture, caused by the destruction and giving away of the abdominal walls.

"Plaintiff says that this ventral hernia or destruction of the abdominal walls was so caused by the metallic wire, so unskillfully and so unprofessionally used by defendant, in the sewing up of the wound, after the operation for appendicitis, heretofore mentioned.

"Plaintiff further says that although since said time she has been under a physician's and surgeon's care, that said trouble has increased

and that her health has been destroyed and that the injury is a permanent one.

"Plaintiff says that all of said injury and her present poor health is all due to the malpractice of the said defendant, as above set out. By reason whereof, plaintiff has suffered and does suffer great pain, her constitution is undermined; that she has been unable since March 21, 1900, to attend to her household duties except under great pain, and has been obliged to incur a great expense for doctor bills in endeavoring to be cured of said injury, the same having been caused wholly by said unskillful operation and neglect, and want of skill of defendant to plaintiff's damage, in the sum of $5,000, for which she asks judgments."

DOUGLASS, J.

Marie Fronce brought her action in the court below against John H. Nichols, M. D., alleging a state of facts which makes her action against him one for malpractice.

The petition is in due form, containing all the usual averments. To this petition a demurrer was interposed in the court of common pleas and sustained by said court. Error is prosecuted to this court to reverse that judgment in so sustaining said demurrer. This is the sole question.

The petition alleges that the surgical operation, or maloperation, was performed on September 28, 1898. The said petition was filed March 18, 1901, so that the alleged breach of duty occurred one year and five months before the day of the filing of the petition.

Section 4983, Rev. Stat., provides that actions for libel, slander, malpractice, etc., shall be brought within one year after the cause of action accrues.

It follows, then, if the breach of duty is the criterion which gives rise to the action, and sets the limitation running, that by the plain terms of the statute this action is barred and that the demurrer was properly sustained.

But the claim of plaintiff in error is, that it is not the *breach of duty*, but *knowledge of that fact*, evidenced by *resulting injury*, that causes the action to accrue under the statute; and that this being the proper legal interpretation of the statute, that such knowledge of said resulting injury did not come to plaintiff until less than one year prior to the bringing of this action; all of which is averred in the petition. Hence, the claim that said cause is not barred by the statute of one year limitation and that therefore the judgment of the court was erroneous.

The statute itself refutes this claim. The action counts upon malpractice, the maloperation, the breach of duty, and not knowledge of resulting injury, or damages resulting from malpractice. The statute construes itself; it is plain and unambiguous. Judicial construction that reads anything into, or out of, such a statute, is judicial legislation.

The legislature with good reason could have said: "And actions resulting from malpractice after the discovery of the same," but the legislature has not done so, and this court should not.

It could not well be claimed that a slander spoken now, knowledge of which would be obtained ten years hence, would then cause the action to accrue and would be freed of the statutory bar.

Under Sec. 4983, Rev. Stat., the breach of duty (malpractice) causes the action to accrue; this sets in motion the limitation of one year, beyond which no action can be brought. This statute should be amended or another one enacted in order that knowledge of the resulting injury

Fronce v. Nichols.

arising from malpractice would cause an action to accrue. Whatever may be said in reference to the wisdom of this later view, it is not the law as our statute now stands. Kerns v. Schoonmaker, 4 Ohio 331 [22 Am. Dec. 757]; Shuman v. Drayton, 8 Circ. Dec. 12 [14 R. 328].

We are of opinion that the judgment of the common pleas court was right, and the same is affirmed.